Lloyd **LASHER**

v.

**METROPOLITAN STRUCTURES.**

No. 90 C 5042.

United States District Court, N.D. Illinois, E.D.

Jan. 17, 1991.

Anthony Pinelli, Chicago, Ill., for plaintiff.

Howard L. Kastel, Timothy L. Moorehead, McDermott, Will & Emery, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Lloyd Lasher alleges that defendant Metropolitan Structures ("Metropolitan") terminated his employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Metropolitan denies the claim and moves for summary judgment. Summary judgment is appropriate if there is no issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Because genuine issues of material fact exist in this case, the court denies Metropolitan's motion for summary judgment.

Lasher had worked for Metropolitan since 1980 and attained the position of general superintendent. In the summer-fall of 1988, he was winding down a job at the Fairmont Hotel. On September 6, 1988 he was called into his supervisor's office, told his employment was terminated, and asked to leave that day. "Project completed— Lack of work" was the reason given for his termination.

■ In order to indirectly prove discrimination, a plaintiff must first establish a prima facie case. The plaintiff must show that "(1) he belongs to the protected class, (2) that his job performance was sufficient to meet his employer's legitimate expectations, (3) that he was discharged in spite of his performance, and (4) that the employer sought a replacement for him." *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 462 (7th Cir.1986), *cert. denied*, 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). If the plaintiff provides a prima facie case, his employer must respond with a legitimate, non-discriminatory reason for its action. Should one be given, the plaintiff must establish that the employer's reason was a mere pretext. *Bechold v. IGW Systems, Inc.*, 817 F.2d 1282, 1284–1285 (7th Cir. 1987).

■ Lasher satisfies the prima facie case requirement. In response, Metropolitan has proffered a non-discriminatory reason for the termination—lack of work. Lasher contends that this reason is a pretext. And, based upon the information provided in the parties' motions, the court cannot conclusively determine that the reason was not a pretext. The court is not convinced that job opportunities did not exist in Chicago. Work was completed at the Fairmont Hotel which Lasher could or possibly should have performed. Moreover, this does not appear to have been a general layoff situation. Opportunities may have already been in the pipeline that belie the company's lack of work rationale. Metropolitan also appears to have had work in California; yet, the offer was never made to relocate Lasher to California.

As these and other issues of fact remain, the court is loath to grant summary judgment. Accordingly, Metropolitan's motion for summary judgment is denied.